IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 5:95-333 |
| v. | **OPINION and ORDER** |
| Albert Shaw Nelson, | |
| Defendant. | |

This matter is before the court on Defendant's motions to "Clarify and Reconsider Motion to Void and/or Vacate Judgment Pursuant to Rule 60(b)(4); (b)(6), or, in the Alternative, [for] an Independent Action for Relief from Judgment Under Rule 60(d)(1) and (3), Federal Rules of Civil Procedure," and to compel the United State Attorney to "supplement or correct their disclosure or responses . . . or alternatively an order reversing summary judgment." ECF Nos. 445, 446. Defendant again contends[1] the Government perpetrated fraud on the court. In his motion to clarify/reconsider, he attempts to argue he was "denied a fair and/or meaningful review of his § 2255 pleadings in violation of due process," because he was not given a hearing and because the Government's attorneys "knew that their responses and disclosures to claims 1, 2, 3, 4, and 7 . . . were inaccurate and incomplete." ECF No. 445 at 2.[2] His second motion requests the court compel

---

[1] Defendant has previously argued the Government perpetrated a fraud on the court in his criminal case in chief, as seen in two previous Rule 60 motions filed with this court, as well as in his motion for relief under 28 U.S.C. § 2255 and motions to reconsider, all of which have either been denied or dismissed.

[2] Defendant also filed a "motion to supplement authority," which the court has considered as discussed below. ECF No. 447.

the Government to supplement/correct its response to Defendant's § 2255 motion, as he argues it was inaccurate.[3] ECF No. 446.

Defendant has labeled his motion as one brought under Rule 60(b) and/or (d). A "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. July 13, 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

> Federal Rule of Civil Procedure 60(b)(6) allows for relief from a final judgment for "any other reason that justifies relief." While this catchall reason includes few textual limitations, its context requires that it may be invoked in only 'extraordinary circumstances' when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5).

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). A 60(b)(6) motion must be filed on "just terms," within "a reasonable time," and "have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). Rule 60(d) allows a court to "entertain an independent action to relieve a party from a judgment, order, or proceeding."

Here, Defendant argues he was denied a fair opportunity to seek relief under § 2255 because he was not given a hearing. However, Defendant cites no authority a hearing on a motion under § 2255 is required, and the law is clear a hearing is not required when the court determines the motion and record show the petitioner is not entitled to relief. § 2255 ("Unless the motion and the files and the records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon."); *Raines v. United States*, 423 F.2d 526, 529 (4th

---

[3] This motion is a nearly word-for-word repetition of a motion filed for him by an attorney in 2014, except he applies his request to information he argues was inaccurate as related to his § 2255 motion, instead of his criminal case. *See* ECF Nos. 404 (motion), 407 (order denying).

Cir. 1970) ("If the motion when viewed against the record shows that the petitioner is entitled to no relief, the court may summarily deny the motion."). The court reviewed the Petition and record in the case, determined Defendant was not entitled to relief, granted summary judgment to the Government, and denied Motions to Reconsider pursuant to Rule 59(e) and 60(b). See C/A No. 5:99-4168, ECF Nos. 25, 33. Defendant appealed the denial of his § 2255 motion, and the Fourth Circuit dismissed the appeal. ECF No. 45.

Defendant cites *United States v. Roderick Lamar Williams*, No. 18-6797, 753 F. App'x 176 (4th Cir. 2019), for the proposition that "material misrepresentations during the original 28 U.S.C. § 2255 proceedings that prevented him from fully and fairly presenting certain claims [were] properly raised under Fed. R. Civ. P. 60(b)." The court agrees Defendant's allegations are ones proper for a Rule 60(b) motion, and will not dismiss this motion as a second or successive § 2255 motion. However, that does not mean his motion is adequate. Williams involved specific, clearly articulated arguments regarding the DNA analysis in Williams' case, and that defendant had documents to support his claim. Here, Defendant's conclusory arguments are insufficient to support a Rule 60 motion. In fact, Defendant fails to set out any specific argument, much less evidence, regarding why he believes the Government's responses to his § 2255 motion "were inaccurate and incomplete."

As to Defendant's argument regarding fair and meaningful review of his § 2255 motion (ECF No. 445), his current motion is denied as the court fully considered the §2255 motion and was not required to hold a hearing on a motion on which he was entitled to no relief. Defendant's allegations regarding the Government are insufficient to support his motions to void the §2255 judgment and to compel the Government to correct its responses. Defendant's motions (ECF Nos. 445, 446, 447) are denied.

3

**Certificate of Appealability**

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
May 15, 2019